# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA GREAT FALLS DIVISION

| | |
|---|---|
| ENROLLED MEMBERS OF THE BLACKFEET TRIBE aka Treaty Status Indians; RICHARD HORN; DUANE MANY HIDES; ROY INGRAM; ERNEST OLSEN; LARRY M. REEVIS,<br><br>Plaintiffs,<br><br>vs.<br><br>THEDUS CROWE; KEVIN K. WASHBURN; SALLEY JEWELL; and BARACK OBAMA,<br><br>Defendants. | CV-15-92-GF-BMM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

Plaintiffs Richard Horn, Duane Many Hides, Roy Ingram, Ernest Olsen and Larry M. Reevis ("Plaintiffs") challenge the integrity of the Blackfeet Water Compact that was executed by the Blackfeet Tribe, the State of Montana, and the United States. (Docs. 1, 11-15, 29). Plaintiffs allege that the Blackfeet Water Compact was invalid for the following reasons: (1) the Blackfeet Tribe Business Council lacked authority under tribal law to negotiate and ratify the Compact on behalf of the Blackfeet Tribe; and (2) the referendum election through which the

1

Tribal membership adopted the Compact violated Article IX of the Blackfeet Constitution, given that less than one-third of the eligible voters of the Blackfeet Tribe voted in the election. (Doc. 29 at 2-3).

Plaintiffs seek injunctive relief, monetary relief and mandamus relief. Plaintiffs request that the Court transfer "legal title to all natural resources on . . . the Blackfeet Indian [R]eservation" to the Plaintiffs. (Doc. 1 at 2). Plaintiffs requested that the Court stop the "illegal disposition of the Blackfeet tribal property." *Id.* Plaintiffs also request that the Court prohibit the state of Montana "from exercising adjudicatory jurisdiction over the Blackfeet Indian [R]eservation and Blackfeet [T]ribal Water Rights(s)." *Id.* Plaintiffs request that the Court grant them "[t]itle to all water ways originating or passing through the Blackfeet Indian [R]eservation," and seek "compensatory . . . damages for the illegal capture and utilization of . . . Tribal Water Right[s]." (Doc. 1 at 3).

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on September 5th, 2018. (Doc. 43). Judge Johnston recommended that Plaintiff's "Motion for Appointment of Counsel" be denied. *Id.* at 8. Judge Johnston further recommended Defendant's "Motion to Dismiss Plaintiffs' Amended Complaint" be granted. *Id.*

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the

Findings and Recommendations not specifically objected to. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Plaintiffs timely filed objections to Magistrate Judge Johnston's Findings and Recommendations. (Docs. 47, 48, 51). These objections attempt to engage the Court in a debate of the same arguments that Judge Johnston addressed in the Findings and Recommendations (Doc. 43). Plaintiffs' objections simply restate what Judge Johnston already addressed and the Court finds no clear error in Judge Johnston's Findings and Recommendations. *Id.*

The claims asserted by Plaintiffs have their genesis in an intra-tribal dispute. Plaintiffs seek to have the Blackfeet Water Compact declared invalid and unenforceable. Plaintiffs allege that the Compact is invalid and unenforceable because the Blackfeet Tribal Business Council lacked authority under tribal law to negotiate and ratify the Blackfeet Water Compact, and because the referendum election through which the Tribal membership adopted the Compact violated Article IX of the Blackfeet Constitution. (Doc. 29 at 2-3).

All of Plaintiffs' claims are grounded in Blackfeet tribal law and the Blackfeet Constitution. Resolution of Plaintiffs' claims necessarily would require the Court to interpret Blackfeet tribal law and the Blackfeet Constitution. Federal courts lack jurisdiction to resolve intra-tribal disputes that require the court to interpret tribal law or a tribal constitution. *See Kaw Nation ex rel. McCauley v. Lujan*, 378 F.3d 1139, 1143 (10th Cir. 2004) (federal courts lack jurisdiction over intra-tribal disputes because disputes over the meaning of tribal law do not arise under the Constitution, laws or treaties of the United States).

Tribal election disputes represent intra-tribal matters. Federal courts lack jurisdiction over tribal election disputes that require interpretation of tribal law or a tribal constitution to resolve. *See Goodface v. Grassrope*, 708 F.2d 335, 339 (8th Cir. 1983); *U.S. Bancorp v. Ike*, 171 F. Supp.2d 1122, 1125 (D. Nev. 2001) (citing cases).

Plaintiffs continue to argue that the federal courts actively ignore "the Pikuni People and what's left of their Nation." (Doc. 51). Plaintiffs dismiss Judge Johnston's findings and the "so called Court Decisions" cited and ask this Court for "respect and enforcement of the Law." *Id.* Respect is what Judge Johnston's findings do. If the federal courts were to begin interpreting tribal law and tribal constitutions, the result effectively would destroy tribal sovereignty. This result would open the floodgates and allow the federal courts and non-Indian judges the

4

ability to interpret and decide tribal disputes that potentially could involve tribal culture. Out of respect for tribal people and sovereignty, this Court cannot open that gate.

The federal government has a longstanding policy of encouraging tribal self-government. *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 14 (1987). Indian tribes possess inherent and exclusive power over matters of internal tribal governance. *See Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *Goodface*, 708 F.2d at 339. An Indian tribe's right to conduct an election without federal interference proves essential to the tribe's right to self-government. *Wheeler v. Swimmer*, 835 F.2d 259, 262 (10th Cir. 1987).

The Blackfeet Tribal Court represents the proper forum for Plaintiffs to challenge the validity of the Blackfeet Water Compact and the related tribal referendum election. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 835 (8th Cir. 2006). This Court lacks jurisdiction over Plaintiffs' claims.

## **Conclusion**

The Court has reviewed *de novo* those parts of Judge Johnston's Findings and Recommendations to which Plaintiffs objected to. The Court has reviewed for clear error the remaining portions of Judge Johnston's Findings and

5

Recommendations. The Court finds no error in Judge Johnston's Findings and Recommendations and adopts them in full.

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc.43) are **ADOPTED IN FULL**.

**IT IS ORDERED** that Plaintiffs' Motion for Appointment of Counsel is **DENIED**.

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiffs' original Complaint (Doc. 19) is **DENIED** as moot.

DATED this 16th day of November, 2018.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge